LINEN _v._ MAXWELL.

Claim of title to land, unaccompanied by possession, cannot give title by
prescription.

TROVER, for ice cut and carried away by the defendant, in
February, 1890, from the mill-pond formed by a dam across
Black brook. The plaintiff owns the land covered by the south
part of the pond, subject to the defendant's right of flowage,
unless the defendant has acquired title to it by adverse possession.
The facts sufficiently appear in the opinion. A verdict was or-
dered for the plaintiff, and the defendant excepted.

_Burnham, Brown & Warren_, for the plaintiff.

_Sulloway & Topliff_, for the defendant.

Smith, J.    Farmer, owning both tracts in 1823, conveyed to Thomas Pollard the tract south of a line running due west from the mouth of Black brook to the common lands. *Bowman* v. *Farmer*, 8 N. H. 402.    By sundry intermediate conveyances, the locus in dispute, part of the land conveyed to Pollard, came to the plaintiff subject to the defendant's right of flowage.    As that right gives the defendant no right to cut or remove ice from the pond, the question is whether he or his predecessors in title have acquired title to the bed of the pond by adverse possession.

In 1855 Farmer claimed to own the land, and in some of the years between 1855 and 1865 he, and Colby by his permission, dug and carried away muck; and between 1859 and 1861 Colby, by Farmer's permission, carried away some stones for a barn cellar. These are all the acts of open and notorious possession calculated to give notice to the owner of a hostile claim of ownership during the lifetime of Farmer.    His claiming ownership, except so far as it was followed up by acts of possession, goes for nothing.    A claim of title without possession can never give title.    *Johnson* v. *Conant*, 64 N. H. 109, 134.    His flowing of the land in summer or winter was the exercise of a legal right reserved by deed, and is not evidence of adverse possession.    From 1865 to 1878 there is no evidence of acts tending to show adverse possession.    Farmer's possession, such as it was, was apparently abandoned at his death in 1865, and was not resumed for thirteen years, and until 1878, when the defendant got his title.    Whether there was interruption of Farmer's possession by Lang, who was the owner of the plaintiff's tract from 1860 to 1869, need not, therefore, be considered.

There was not, prior to Farmer's death, possession of the bed of the pond, open, visible, exclusive, notorious, continuous, and uninterrupted, for the space of twenty years.    And the same may be said of the acts of possession exercised by the defendant from 1878 to 1890, when his possession, whatever it was, was interrupted by the bringing of this suit.    And even if it can be said that Farmer's possession was adverse, the abandonment of possession from 1865 to 1878 was an interruption of continuous possession fatal to the claim set up by the defendant.

*Exception overruled.*

Chase, J., did not sit: the others concurred.